UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| SYLVIA CORONADO, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. C-09-110 |
| § | |
| AINSWORTH TRANSPORTATION, § | |
| INC.; dba AINSWORTH TRUCKING, *et* § | |
| *al*, § | |
| § | |
| Defendants. § | |

## ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES

Pending is plaintiffs' motion to compel responses to discovery (D.E. 20). Defendant has filed a response (D.E. 28). A hearing was not requested.

This is a Title VII case involving plaintiffs' challenge to defendant trucking company's English Only policy in the workplace. There are three discovery requests at issue: (1) plaintiffs have requested in interrogatory No. 4 that defendant identify all persons employed by defendant from May 19, 2005 through the present, the position of the employee, the employee's race and national origin, and if no longer employed, the date employment ended; (2) plaintiffs have asked in request for production No. 12 that defendant provide a computer printout of all persons employed from May 19, 2005 through the present; and (3) plaintiffs have asked in request for production no. 13 that

defendant provide a copy of telephone lists of employees from May 19, 2005 through the present.

Defendant objects that these requests are not relevant, the requests are overly broad, production is unduly burdensome, the information has already been provided, and the Disciplinary Rules prevent communication with defendants' employees.

First, if all of the information requested has already been provided, then defendants need not provide it a second time.  Second, the information sought by plaintiff is relevant.  Employee names and rosters are relevant to the issue of class certification, which has not yet been denied.  Even if a class is not certified, the information sought is relevant to the issue of how, against whom, and whether the English Only rule was enforced at the workplace.  Third, though defendant argues that the requests are overly broad and production unduly burdensome, a five-year period of time is not overly broad, and defendant fails to explain how or why production of the information is unduly burdensome.

Finally, defendant cites to Texas Disciplinary Rule of Professional Conduct 4.02(a) for the proposition that plaintiff is prohibited from contacting defendant's employees.  The disciplinary rule is irrelevant to the issue of whether telephone lists should be disclosed.  Moreover, the rule does not prohibit contact with a litigant's former employees, and does not prohibit contact with a litigant's current employees unless the employee is represented by counsel.  Counsel for defendant has not stated that he represents the employees of his client.

Accordingly, plaintiff's motion to compel discovery responses (D.E. 20) is GRANTED. The responses shall be provided within thirty days of the date of this order.

ORDERED this 11th day of February, 2010.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE